**FILED**
**U.S. District Court**
**District of Kansas**
06/02/2026
**Clerk, U.S. District Court**
By: SND Deputy Clerk

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

ANTONIO ALEXANDER MCGEE,

      **Plaintiff,**

      v.                            CASE NO. 26-3163-JWL

(FNU) (LNU),

      **Defendant.**

### MEMORANDUM AND ORDER

This matter is a civil action filed by pro se Plaintiff Antonio Alexander McGee. Plaintiff is incarcerated at the El Dorado Correctional Facility in El Dorado, Kansas. Plaintiff claims that a Kansas Department of Corrections Correctional Officer is trying to adopt Plaintiff's daughter. (Doc. 1, at 1.) Plaintiff claims that he has been unable to find his daughter. *Id*.

Plaintiff has not submitted the filing fee, and the Court finds he is subject to the "three-strikes" provision under 28 U.S.C. § 1915(g). Court records establish that Plaintiff "has, on 3 or more prior occasions, while incarcerated . . . , brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted."[1] Accordingly, he may proceed in forma pauperis only if he establishes a threat of "imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

"To meet the only exception to the prepayment requirement, a prisoner who has accrued three strikes must make 'specific, credible allegations of imminent danger of serious physical harm.'" *Davis v. GEO Group Corr.*, 696 F. App'x 851, 854 (10th Cir. 2017) (unpublished)

---

[1] The qualifying dismissals are: (1) Case No. 20-3131-SAC, *McGee v. Doe* (dismissed for failure to state a claim for relief); (2-3) Case No. 20-3085-SAC, *McGee v. Corizon* (same), *affirmed on appeal* (Case No. 20-3111, 10th Cir. Oct. 14, 2020) (finding the appeal frivolous and noting that Plaintiff now has four strikes).

(quoting *Hafed v. Fed. Bureau of Prisons*, 635 F.3d 1172, 1179 (10th Cir. 2011)). "Vague and utterly conclusory assertions are insufficient." *Id*. The harm must be imminent or occurring at the time the complaint is filed, "allegations of past harm do not suffice." *Id*. (citations omitted). The "imminent danger" exception has a temporal limitation—[t]he exception is construed narrowly and available only 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" *Lynn v. Roberts*, No. 11-3073-JAR, 2011 WL 3667171, at *2 (D. Kan. Aug. 22, 2011) (citation omitted). "Congress included an exception to the 'three strikes' rule for those cases in which it appears that judicial action is needed as soon as possible to prevent serious physical injuries from occurring in the meantime.'" *Id*. (citation omitted).

The Court has examined the Complaint and finds no showing of imminent danger of serious physical injury. Accordingly, pursuant to § 1915(g) Plaintiff may not proceed in forma pauperis in this civil action. Plaintiff is given time to pay the full $405.00 district court filing fee[2] to the Court. If he fails to pay the full fee within the prescribed time, the Complaint will be dismissed based upon Plaintiff's failure to satisfy the statutory district court filing fee required by 28 U.S.C. § 1914.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is denied leave to proceed in forma pauperis.

**IT IS FURTHER ORDERED** that Plaintiff is granted until **July 1, 2026,** to submit the $405.00 filing fee. The failure to submit the fee by that date will result in the dismissal of this matter without prejudice and without additional prior notice.

---

[2] If a person is not granted in forma pauperis status under § 1915, the fee to file a non-habeas civil action includes the $350.00 fee required by 28 U.S.C. § 1914(a) and a $55.00 general administrative fee pursuant to § 1914(b) and the District Court Miscellaneous Fee Schedule prescribed by the Judicial Conference of the United States.

**IT IS SO ORDERED**.

**Dated June 2, 2026, in Kansas City, Kansas.**


                                    **S/  John W. Lungstrum**
                                    **JOHN W. LUNGSTRUM**
                                    **UNITED STATES DISTRICT JUDGE**